UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GLORIA J. MARRS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:15-cv-00031-SLC |
| | ) |
| THE UNITED STATES OF AMERICA | ) |
| and THE CITY OF LIGONIER, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court in this trip and fall case is a motion to dismiss Plaintiff Gloria J. Marrs's ("Marrs") amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant The City of Ligonier (the "City") on October 5, 2015.[1] (DE 23). In the motion, the City contends that Marrs's claims against it are barred by the statute of limitations. Marrs filed a response in opposition to the motion on October 19, 2015 (DE 25), and the City replied on October 20, 2015. (DE 26). Thus, the matter is ripe for ruling.

For the following reasons, the City's motion to dismiss will be GRANTED.

*A. Factual and Procedural Background*

Marrs alleges that she was injured as a result of a trip and fall on an uneven sidewalk at the United States Post Office in Ligonier, Indiana, on April 16, 2013. (DE 1 ¶¶ 5-8).

On September 11, 2013, Marrs filed a Notice of Tort Claim, providing a copy to the City of Ligonier and several of its officials. (DE 1 ¶ 12). In a letter dated October 9, 2013, the City's

---

[1] Subject matter jurisdiction arises under 28 U.S.C. § 1331. Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting. (DE 8).

insurer denied Marrs's claim, stating that based on its investigation into the circumstances of the accident, it had concluded that the sidewalk was the responsibility of the United States Post Office located at 201 S. Main Street, Ligonier, Indiana, and that the Post Office, not the City, had made repairs to the sidewalk. (DE 25-1).

On or about May 2, 2014, Marrs filed a Notice of Federal Tort Claim and administrative claim with the United States Postal Service. (DE 1 ¶ 11). On or about November 4, 2014, the United States Postal Service denied Marrs's administrative tort claim. (DE 1 ¶ 11).

On January 27, 2015, Marrs filed this suit against the United States of America under the Federal Tort Claims Act, seeking damages for the injuries she allegedly incurred in the April 16, 2013, trip and fall. (DE 1). On April 24, 2015, the United States of America filed its answer to Marrs's complaint, admitting that it "owned, maintained, operated, and controlled the United States Post Office located at 201 S. Main Street, Ligonier in Noble County, Indiana." (DE 11 ¶ 3). However, it also asserted an affirmative defense that it "owed no duty to [Marrs] to maintain the sidewalk at issue," and thus, that she could not recover from the United States of America any damages "causally related to improper maintenance of the sidewalk." (DE 11 at 4).

On July 22, 2015, Marrs amended her complaint and named the City as an additional Defendant. (DE 17). The City filed an answer to Marrs's amended complaint on August 31, 2015, asserting as an affirmative defense that her claims against it are barred by the applicable statute of limitations. (DE 19). The City then filed the instant motion to dismiss on October 5, 2015. (DE 23).

*B. Applicable Legal Standard*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "challenges the

insurer denied Marrs's claim, stating that based on its investigation into the circumstances of the accident, it had concluded that the sidewalk was the responsibility of the United States Post Office located at 201 S. Main Street, Ligonier, Indiana, and that the Post Office, not the City, had made repairs to the sidewalk. (DE 25-1).

On or about May 2, 2014, Marrs filed a Notice of Federal Tort Claim and administrative claim with the United States Postal Service. (DE 1 ¶ 11). On or about November 4, 2014, the United States Postal Service denied Marrs's administrative tort claim. (DE 1 ¶ 11).

On January 27, 2015, Marrs filed this suit against the United States of America under the Federal Tort Claims Act, seeking damages for the injuries she allegedly incurred in the April 16, 2013, trip and fall. (DE 1). On April 24, 2015, the United States of America filed its answer to Marrs's complaint, admitting that it "owned, maintained, operated, and controlled the United States Post Office located at 201 S. Main Street, Ligonier in Noble County, Indiana." (DE 11 ¶ 3). However, it also asserted an affirmative defense that it "owed no duty to [Marrs] to maintain the sidewalk at issue," and thus, that she could not recover from the United States of America any damages "causally related to improper maintenance of the sidewalk." (DE 11 at 4).

On July 22, 2015, Marrs amended her complaint and named the City as an additional Defendant. (DE 17). The City filed an answer to Marrs's amended complaint on August 31, 2015, asserting as an affirmative defense that her claims against it are barred by the applicable statute of limitations. (DE 19). The City then filed the instant motion to dismiss on October 5, 2015. (DE 23).

*B. Applicable Legal Standard*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "challenges the

sufficiency of the complaint for failure to state a claim upon which relief may be granted." *Johnson v. Rivera*, 272 F.3d 519, 520-21 (7th Cir. 2001) (citations omitted). In determining the propriety of dismissal under Rule 12(b)(6), all well-pleaded facts are accepted as true and are construed in favor of the plaintiff. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007); *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003).

To survive a motion to dismiss under Rule 12(b)(6), "[t]he complaint must contain 'enough facts to state a claim to relief that is plausible on its face' and also must state sufficient facts to raise a plaintiff's right to relief above the speculative level." *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). If a plaintiff "pleads facts that show that his suit is time-barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993) (citations omitted).

## C. Discussion

The City contends that Marrs's claims against it are barred by the statute of limitations, and thus, should be dismissed. For the following reasons, the City's position is convincing.

The parties agree that Marrs's claims against the City are governed by a two-year statute of limitations and that her cause of action accrued on April 16, 2013, the date of her alleged trip and fall. *See* Ind. Code § 34-11-2-4 (stating that an action for "[i]njury to person or character" "must be commenced within two (2) years after the cause of action accrues"). As such, Marrs was required to file her claims against the City on or before April 16, 2015. Marrs, however, did not name the City as a Defendant until July 22, 2015—more than three months *after* the date the

3

two-year statute of limitations expired.

In an attempt to salvage her claim against the City, Marrs argues that the City is equitably estopped from asserting a statute of limitations defense. In advancing this argument, Marrs relies upon on the October 9, 2013, letter from the City's insurer, which denied her claim and conveyed its conclusion that, based on its own investigation, the United States Post Office, not the City, was responsible for the maintenance of the sidewalk. Marrs asserts that equitable estoppel applies, because in sending the letter the City "ultimately deterred [her] investigation into the underlying incident." (DE 25 at 3).

The tolling doctrine of equitable estoppel "comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations." *Cada v. Baxter Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990) (citations omitted) (stating that if the defendant had told the plaintiff "that it would not plead the statute of limitations as a defense to any suit for age discrimination that he might bring, this would be a case for equitable estoppel"); *see Brademas v. Ind. Hous. Fin. Auth.*, 354 F.3d 681, 687 (7th Cir. 2004) ("Equitable estoppel is available if the defendant takes active steps to prevent the plaintiff from suing on time." (citation omitted)); *see also Davis v. Shelter Ins. Cos.*, 957 N.E.2d 995, 999 (Ind. Ct. App. 2011) ("[T]rial courts generally look at the context in which the promise was made, considering such factors as the admission of liability by the defendant, statements that it is not necessary for the plaintiff to hire a lawyer, advice against suing, and the general educational and economic level of the plaintiff." (citation omitted)).

Marrs's assertion of equitable estoppel here is unpersuasive. The October 9, 2013, denial letter simply recited the City's position on the claim. There were no promises or statements in

4

the letter that would lull Marrs into inaction. The City's insurer did not state or agree that a lawsuit was unnecessary, discourage Marrs from filing suit, or promise or agree not to assert a statute of limitations. Rather, the City's insurer simply informed Marrs of the conclusion that it had reached as a result of its own investigation into the claim. *See Sharp v. United Airlines, Inc.*, 236 F.3d 368, 372 (7th Cir. 2001) ("The doctrine of equitable estoppel, also known as fraudulent concealment, is available if the defendant takes active steps to prevent the plaintiff from suing in time." (citation and internal quotation marks omitted)); *Paramo v. Edwards*, 563 N.E.2d 595, 599 (Ind. 1990) ("To create an equitable estoppel, the conduct of the insurer must be of a sufficient affirmative character to prevent inquiry or to elude investigation or to mislead and hinder." (citation omitted)).

More pointedly, "the mere denial of one's role in a potential lawsuit is insufficient to give rise to equitable estoppel." *Mitchell v. Donchin*, 286 F.3d 447, 451 (7th Cir. 2002) (citing *Cada*, 920 F.2d at 451)). As the Seventh Circuit Court of Appeals has repeatedly explained, "if we permitted denials of liability to be recast as active steps preventing plaintiffs from suing in time, '[a] statute of limitations would not begin to run until a defendant acknowledged liability, an entirely strange concept.'" *Id*. (alteration in original) (quoting *Bishop v. Gainer*, 272 F.3d 1009, 1014-15 (7th Cir. 2001)). Thus, it is not a defendant's denial of liability or a refusal to cooperate in making the plaintiff's case that extends the statute of limitations, but rather, a defendant's "affirmative efforts to delay the plaintiff's bringing suit." *Singletary v. Cont'l Ill. Bank & Tr. Co. of Chi.*, 9 F.3d 1236, 1241 (7th Cir. 1993) (citations omitted).

Furthermore, Marrs was represented by counsel at the time, and the denial letter was sent to Marrs's attorney. (DE 26 at 5; DE 25-1). "It will generally be highly unlikely that an

5

insurer's conduct in negotiations with an opposing party's attorney will be of a caliber calculated to lead the party to inaction. One exception could be an express promise or agreement not to assert a statute of limitations." *Paramo*, 563 N.E.2d at 599; *see Davis v. Shelter Ins. Cos.*, 957 N.E.2d 995 (Ind. Ct. App. 2011) ("If two parties 'stand mentally on equal footing, and in no fiduciary relation,' we will not protect a person who failed to exercise common sense and judgment." (quoting *Paramo*, 563 N.E.2d at 599)). Here, there is no such promise or agreement in the insurer's denial letter. Rather, the letter merely communicated the insurer's position on Marrs's claim based on the results of its own investigation, which is insufficient to support equitable estoppel.[2]

In sum, because the denial letter issued by the City's insurer does not rise to the level of conduct warranting the doctrine of equitable estoppel, Marrs's request for equitable relief from the statute of limitations is unpersuasive. Accordingly, the City's motion to dismiss will be granted.[3]

---

[2] Marrs does not suggest that it relied on anything other than the October 9, 2013, denial letter from the City's insurer.

[3] Marrs does not advance an argument for "equitable tolling," but even if she had, that doctrine also would not save her claim against the City. The principle of equitable tolling is that "even if the defendant is not responsible for the plaintiff's failure to sue within the limitations period, the latter can get an extension of time within which to sue if it would have been unreasonable to expect [her] to be able to sue earlier." *Mitchell*, 286 F.3d at 451 (citation omitted). "An essential element of equitable tolling is that 'the plaintiff have "exercised due diligence"; in other words that [s]he have acted reasonably." *Id.* (citation omitted). "[T]he application of equitable tolling turns on whether a reasonable person would be aware of the *possibility* of a claim." *Id.* (emphasis added) (citations and internal quotation marks omitted); *see Cada*, 920 F.2d at 451 ("The qualification "possible" is important. If a plaintiff were entitled to have all the time he needed to be certain his rights had been violated, the statute of limitations would never run-for even after judgment, there is no certainty.").
  Here, the City issued its denial letter 18 months before the statute of limitations expired, and Marrs was aware at least by November 2014—more than five months before the statute of limitations ran—that the United States Postal Service had denied liability for her injuries in her administrative claim. As such, Marrs had ample opportunity to conduct a reasonable inquiry into the matter and to timely file her claims against all potentially responsible parties before the statute of limitations ran. *See Cada*, 920 F.2d at 451 (explaining that the doctrine of equitable tolling "permits a plaintiff to avoid the bar of the statute of limitations if *despite all due diligence* he is unable to obtain vital information bearing on the existence of his claim" (emphasis added)); *Gross v. Max*, 906 F. Supp. 2d 802, 814 (N.D. Ind. 2012) ("[A] plaintiff who invokes equitable tolling to suspend the statute of limitations

*D. Conclusion*

For the foregoing reasons, the City's motion to dismiss (DE 23) is GRANTED, and Marrs's claims against the City are DISMISSED.

SO ORDERED.

Enter for this 30th day of December 2015.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

must bring suit within a reasonable time after he has obtained, or by due diligence could have obtained, the necessary information." (citation omitted)). Marrs, however, does not explain what steps she took to ascertain the party or parties responsible for the sidewalk in an effort to show that, despite all due diligence, she was unable to obtain such information before the statute of limitations ran.